IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT D. RIGGS,<br><br>Plaintiff,<br><br>vs.<br><br>SHELBY C.C.A. PRISON, et al.,<br><br>Defendants. | Cause No.  CV 10-00023-GF-SEH-RKS<br><br>ORDER TO SERVE COMPLAINT BY REQUESTING WAIVER OF SERVICE OF SUMMONS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE<br><br>(Defendants please see D.Mont. L.R. 12.2) |

This matter comes before the Court on Plaintiff Robert Riggs' Complaint alleging failure to protect, retaliation, and denial of medical care.  (Court Doc. 2).  After conducting an initial prescreening as required by 28 U.S.C. § 1915 and 28 U.S.C. § 1915A, the Court found that Mr. Riggs had failed to raise any allegations against Shelby C.C.A. Prison or Unit Counselor McDuna and gave Mr. Riggs an opportunity to supplement his complaint as to those Defendants.  Mr. Riggs did not supplement his Complaint, accordingly the Court will continue with the prescreening process.  The Court finds all claims arising prior to March

31, 2007 (including all retaliation claims and the February 2007 failure to protect claim) are barred by the applicable statute of limitations. In addition, Mr. Riggs failed to raise any allegations against Unit Counselor McDuna or Shelby CCA Prison. Therefore, all claims arising prior to March 31, 2007 and Defendants McDuna and Shelby CCA will be recommended for dismissal. The April 4, 2007 failure to protect claim and the denial of medical care claim will be served on Defendants.

## I.  STATEMENT OF THE CASE

### A.  Parties

Mr. Riggs is a state prisoner currently incarcerated at Montana State Prison in Deer Lodge, Montana. All allegations raised in his Complaint arose when he was incarcerated at Crossroads Correctional Center, in Shelby, Montana.

Mr. Riggs names the following Defendants: Shelby C.C.A. Prison, Warden MacDonald, Assistant Warden Law, Unit Manager Ron Stercho, Unit Counselor McDuna, Captain Mertz, Rena Bear, RN Arnold, all medical staff (names unknown), correctional officer Mirical, and all others involved with decisions that discovery will reveal.

### B. Allegations

### 1. <u>Denial of Medical Care</u>

Mr. Riggs was transferred to Crossroads in March 2006. While initially housed on C-block, Mr. Riggs received a classification override due to security concerns and was moved to the A-block. After an incident in which he contends he was wrongfully charged with a disciplinary violation, he was moved back to C-block. Upon being told he was moving back to C-block, Mr. Riggs pleaded with Defendants Stercho, MacDonald, and Law to not be placed on C-block due to security concerns. While on C-block Mr. Riggs was assaulted several times. During February and March 2007, Mr. Riggs alleges he was threatened, harassed, assaulted, and told he would have to pay rent to live on C-block. He contends he and his family spoke to Defendants Stercho, MacDonald, Law, and Bear several times to try to get Riggs moved off of C-block for his safety. He was not moved and Stercho told other inmates that Riggs was complaining of being harassed, threatened, and assaulted (knowing that by doing do he was putting Riggs at greater risks). Thereafter, the threats and assaults became

more frequent. On the evening of April 4, 2007, Mr. Riggs was assaulted in his cell. Although his door was supposed to be locked, he contends Correctional Officer Mirical had the door opened to allow inmates into Riggs's cell in order to assault him.

After the assault, Mr. Riggs was taken to the infirmary where he told RN Arnold that his jaw was broke/fractured and he requested an x-ray. Mr. Riggs also asked Captain Mertz to order RN Arnold to x-ray Mr. Riggs's jaw. Riggs contends he was refused treatment and x-rays. He alleges he asked Defendants Stercho, MacDonald, Law, Bear, Mertz, Arnold, and all medical staff for medical treatment every day for the next 32 days but was refused treatment for his injuries. He contends he told staff he was unable to eat food due to his injuries but they refused to help him and left him in his lock down cell to starve.

On May 6 or 7, 2007, Mr. Riggs was transported to Montana State Prison where he was seen by medical staff. X-rays done at Montana State Prison revealed that his jaw was broken/fractured.

III. CONTINUATION OF PRESCREENING

   A. <u>Statute of Limitations</u>

Several of Mr. Riggs's allegations are barred by the applicable statute of limitations. The United States Supreme Court in *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here), determined the applicable statute of limitations for claims filed pursuant to 42 U.S.C. § 1983 is the state statute of limitations governing personal injury actions. In Montana, that period is three years after the action accrues. *Mont. Code. Ann. § 27-2-204(1)*.

Mr. Riggs signed his Complaint on March 31, 2010 (although it was not received by this Court until April 12, 2010), therefore, any claims arising prior to March 31, 2007 (including all retaliation claim and the February 2007 failure to protect claim) are barred by the applicable statute of limitations.

### B. Failure to Protect

"Prison officials have a duty to take reasonable steps to protect

inmates from physical abuse." *Hoptowit v. Ray,* 682 F.2d 1237, 1250-51 (9th Cir. 1982); *see also Farmer v. Brennan,* 511 U.S. 825, 833 (1994); *Robinson v. Prunty,* 249 F.3d 862, 866 (9th Cir. 2001). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. *See Farmer,* 511 U.S. at 834. The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer,* 511 U.S. at 837; *Gibson v. County of Washoe,* 290 F.3d 1175, 1187-88 (9th Cir. 2002); *Jeffers v. Gomez,* 267 F.3d 895, 913 (9th Cir. 2001).

Mr. Riggs's alleges he informed Defendants Stercho, MacDonald, Law, and Bear several times regarding his safety concerns on C-Block and that Defendant Mirical opened his door to allow inmates to enter his cell with the intent to assault him. These allegations are sufficient to state a claim of deliberate indifference to an inmate's safety against Defendants Stercho, MacDonald, Law, Bear, and Mirical.

### 3. Denial of Medical Care

The Eighth Amendment requires that prisoners receive adequate medical care. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976); *see also McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller,* 104 F.3d 1133 (9th Cir. 1997). To state an arguable section 1983 claim for failure to provide medical care, a prisoner must allege that a defendant's "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." *Estelle,* 429 U.S. at 106; *Toussaint v. McCarthy,* 801 F.2d 1080, 1111 (9th Cir. 1986).

Deliberate indifference under the Eighth Amendment involves the consideration of two elements: "[1] the seriousness of the prisoner's medical need[;] and [2] the nature of the defendant's response to that need." *McGuckin,* 974 F.2d at 1059; *see also Lolli v. County of Orange,* 351 F.3d 410, 419 (9th Cir. 2003). That is, a plaintiff must demonstrate "'objectively, sufficiently serious' harm and that the officials had a 'sufficiently culpable state of mind' in denying the proper medical care. Thus, there is both an objective and a subjective component to an

actionable Eighth Amendment violation." *Clement v. Gomez,* 298 F.3d 898, 904 (9th Cir. 2002)(citing *Wallis v. Baldwin,* 70 F.3d 1074, 1076 (9th Cir. 1995)).

Mr. Riggs alleges RN Arnold refused him x-rays of his jaw after the April 4, 2007 assault and that he sought assistance seeking medical care from Defendants Mertz, Stercho, MacDonald, Bear, and Law.  He contends he was housed in S.M.U. for 32 days and made several requests a day that he could not eat due to his injuries and he needed medical treatment.  He contends Defendants refused to treat his injuries knowing that he was starving.  These allegations are sufficient to state a claim for deliberate indifference to a serious medical need against Defendants Mertz, Stercho, MacDonald, Bear, and Law.

Mr. Riggs also mentions John Doe medical staff with regard to this claim.  It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to the plaintiff.  Although the use of Doe defendants in this case is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem:  those persons cannot be

served with process until they are identified by their real names. Mr. Riggs must take steps promptly to discover the full name (i.e., first and last name) of each Doe defendant and provide that information to the Court in an amendment to his pleading that explains what each such person did or failed to do that caused a violation of his constitutional rights. The burden remains on Mr. Riggs; the Court will not undertake to investigate the names and identities of unnamed defendants. If Mr. Riggs is unable to identify these individuals by the deadline for amended pleadings (which will be set in the Court's Scheduling Order after Defendants have filed an Answer), the Doe Defendants will be recommended for dismissal.

### III. State Law Claims

Mr. Riggs asserts supplementary state law claims that the actions of Defendants constituted negligence and medical malpractice. 28 U.S.C. § 1367 provides that "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

Mr. Riggs's state law claims of negligence and medical malpractice are sufficiently related to his federal claims for the Court to have supplemental jurisdiction.

However, Mont. Code Ann defines a malpractice claim as: "a claim or potential claim of a claimant against a health care provider for medical or dental treatment, lack of medical or dental treatment, or other alleged departure from accepted standards of health care that proximately results in damage to the claimant, whether the claimant's claim or potential claim sounds in tort or contract, and includes but is not limited to allegations of battery or wrongful death."  Mont. Code Ann. § 27-6-103(5).  A health care provider is defined as "a physician, a dentist, a podiatrist, or a health care facility." Mont. Code Ann. § 27-6-103(3).

While Mr. Riggs may be able to proceed with a malpractice claim against physician's assistant Arnold and the John Doe medical staff at Crossroads, he cannot maintain a medical malpractice claim against the other named defendants who are not health care providers.  As such, his

state law medical malpractice claims against Defendant Mertz, Stercho, MacDonald, Law, and Bear will be recommended for dismissal.

## IV.  CONCLUSION

The Court has considered whether Mr. Riggs's Complaint is frivolous, malicious, fail to state a claim, or seek solely monetary relief from a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).  The Court concludes dismissal of Mr. Riggs's claims against Defendants Warden MacDonald, Assistant Warden Law, Unit Manager Ron Stercho, Captain Mertz, Rena Bear, RN Arnold, and correctional officer Mirical, is not appropriate at this time.  These Defendants must make an appearance on Mr. Riggs's claims.

The Court will direct service of the following claims:  (1) the failure to protect claim arising from the assault on his person on April 4, 2007 will be served on Defendants MacDonald, Law, Stercho, Mertz, Bear, and Mirical; (2) the denial of medical care claim will be serve on Defendants MacDonald, Law, Stercho, Mertz, Bear, and Arnold;[1] (3) the

---

[1]As set forth above, Mr. Riggs must identify the John Doe medical staff defendants before the Court can serve them.

state law medical malpractice claim will be served on Defendant Arnold; and (4) the state law negligence claims will be served on Defendants MacDonald, Law, Stercho, Mertz, Bear, and Mirical.

Defendants Shelby CCA Prison and Unit Counselor McDuna will be recommended for dismissal without prejudice as Mr. Riggs failed to assert any claims regarding these Defendants.

Mr. Riggs's state law claims against Defendants MacDonald, Law, Stercho, Mertz, Bear, and Mirical will be recommended for dismissal with prejudice.

Based on the foregoing, the Court issues the following:

## ORDER

1. Pursuant to Fed.R.Civ.P. 4(d), the Court will request Defendants Warden MacDonald, Assistant Warden Law, Unit Manager Ron Stercho, Captain Mertz, Rena Bear, RN Arnold, and correctional officer Mirical, to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons.[2] The Waiver must

---

[2] As Defendants Shelby CCA and Unit Manager McDuna are recommended for dismissal, they do not need to file a responsive pleading at this time.

be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**.  If Defendants MacDonald, Law, Stercho, Mertz, Bear, Arnold, and Mirical choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within <u>60 days after the entry date of this Order</u> as reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P. 12(a)(1)(B).

    2.  The Clerk of Court shall forward the following to:

Chad E. Adams, Sara S. Berg, and J. Daniel Hoven  
Browning Kaleczyc Berry & Hoven  
P.O. Box 1697  
Helena, MT  59624-1697

* Complaint (Court Doc. 2);

* the Court's April 28, 2010 Order (Court Doc. 4);

* this Order,

* a Notice of Lawsuit & Request to Waive Service of Summons; and

* a Waiver of Service of Summons

Should counsel determine they do not represent Defendants MacDonald, Law, Stercho, Mertz, Bear, Arnold, and Mirical in this

matter, they should notify the Court's Pro Se Department as soon as possible.

Counsel for Defendants MacDonald, Law, Stercho, Mertz, Bear, Arnold, and Mirical must file a "Notice of Appearance" as a separate document at the time an Answer or Rule 12 motion is filed. *See* D. Mont. L.R. 12.2.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

4. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each

ORDER AND FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE–
CV 10-00023--GF-SEH-RKS / PAGE 14

document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

    5. Mr. Riggs <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

    6. At all times during the pendency of this action, Mr. Riggs SHALL IMMEDIATELY ADVISE the Court and opposing counsel of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Riggs has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further the Court issues the following:

## RECOMMENDATIONS

1.     Defendants Shelby CCA Prison and Unit Counselor McDuna should be **DISMISSED WITHOUT PREJUDICE** based upon Mr. Riggs's failure to any claims regarding these Defendants.

2.  Mr. Riggs's state law medical malpractice claims against Defendants MacDonald, Law, Stercho, Mertz, Bear, and Mirical should be **DISMISSED WITH PREJUDICE**.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to [28 U.S.C. § 636(b)(1)](), Mr. Riggs may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and

Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This Order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 1st day of July, 2010.

        /s/ Keith Strong
        Keith Strong
        United States Magistrate Judge

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:   Chad E. Adams, Sara S. Berg, and J. Daniel Hoven
      Browning Kaleczyc Berry & Hoven
      P.O. Box 1697
      Helena, MT  59624-1697

   A lawsuit has been commenced by a pro se plaintiff against the following individuals:  Warden MacDonald, Assistant Warden Law, Unit Manager Ron Stercho, Captain Mertz, Rena Bear, RN Arnold, and correctional officer Mirical.  A copy the Complaint is attached to this notice.  It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-10-00023-GF-SEH-RKS.  The Court has completed its pre-screening and concludes these Defendants must file a responsive pleading.  *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

   This is not a formal summons or notification from the Court, but rather a request that you sign and return the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service.  The cost of service will be avoided if you return the signed Waiver of Service of Summons within 30 days after the entry date reflected on the Notice of Electronic Filing of the "Order to Serve Complaint by Requesting Waiver of Service of Summons," which was served with this Notice.

   If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served.  The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion before 60 days from the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

   If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form.  The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.

                              */s/ Keith Strong*
                              Keith Strong
                              United States Magistrate Judge

WAIVER OF SERVICE OF SUMMONS

TO:  The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request that they waive service of summons in the following action:  <u>Riggs v. MacDonald, et al.</u>, Civil Action No. CV-10-00023-GF-SEH-RKS filed in the United States District Court for the District of Montana.  Defendants have also received a copy of the Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

The above-named defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  I understand judgments may be entered against the above-named defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

I decline to waive service on behalf of the following defendants:

_____; _____;

_____; _____;

_____; _____;

_____       _____
DATE                                                    SIGNATURE

_____
PRINTED/TYPED NAME

_____

_____
ADDRESS