# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| ROBERT D. RIGGS, | Cause No.  CV 10-00023-GF-SEH-RKS |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS |
| WARDEN MACDONALD, et al., | |
| Defendants. | |

Pending is Defendants' Motion to Dismiss for failure to exhaust administrative remedies.  (Court Doc. 17).  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.  This proceeding was referred to this Court pursuant to Local Rule 73 and 28 U.S.C. § 636(b)(1).  Mr. Riggs filed this action pro se and was granted leave to proceed in forma pauperis.  He is now represented by counsel.

Defendants' motion should be granted and the case dismissed without prejudice.

## I.  MOTION TO DISMISS STANDARD

Defendants filed their Motion to Dismiss pursuant to Rule 12(b) of

the Federal Rules of Civil Procedure, for Mr. Riggs's failure to exhaust his administrative remedies.  A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b).  *See* *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt*, 315 F.3d at 1119-20.

Defendants bear the burden of establishing that a plaintiff failed to exhaust administrative remedies.  *See Wyatt*, 315 F.3d at 1120.  If the court concludes that administrative remedies have not been exhausted, the unexhausted claims should be dismissed without prejudice.  *Wyatt,* 315 F.3d at 1120; *see also Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).

## II.  FACTUAL BACKGROUND

Mr. Riggs's Complaint alleges that on April 4, 2007 he was assaulted in his cell at Crossroads Correctional Center.  Mr. Riggs contends he requested but was denied treatment for a broken jaw

between April 5, 2007 and May 7, 2007 when he was transferred to Montana State Prison.  X-rays done at Montana State Prison revealed Mr. Riggs's jaw was broken.

At all times Mr. Riggs was incarcerated at Crossroads, he was required to follow the grievance procedure mandated in Montana Department of Corrections Policy 3.3.3.  (Court Doc. 18-1, p. 2, ¶ 3).  On April 5, 2007, Mr. Riggs submitted a sick call request indicating he thought his jaw was broken.  The response to that request indicated Mr. Riggs was seen on April 6, 2007 and there were no medical concerns.  (Court Doc. 30-1, p. 1).

Mr. Riggs testified regarding and produced an informal resolution form dated April 10, 2007.  On that form, Mr. Riggs stated he had requested to be seen by the infirmary several times to get his jaw looked at and he requested medical treatment as soon as possible.  This informal resolution form was not answered.  (Court Doc. 30-1, p. 2).[1]

---

[1]Defendants argue there is no record of this informal resolution form being submitted to Crossroads.  They cite to a July 10, 2007 response from Grievance Officer Green to Mr. Riggs's July 7, 2007 grievance.  This document was not authenticated.  "To be considered by the court, documents must be authenticated by and attached to an

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS–CV 10-00023--GF-SEH-RKS / PAGE 3

Mr. Riggs also testified to and produced an Informal Resolution Form dated April 19, 2007.  In that form, Riggs again stated he had been seeking medical treatment since April 4, 2007, he believed his jaw was broken, and he needed immediate medical attention.  The prison officials made no response.  (Court Doc. 30-1, p. 3).[2]

Mr. Riggs testified by affidavit that on or about May 1 or 2, 2007, he filed a formal grievance requesting help for his injuries since he had not heard back on the two informals.  (Court Doc. 30-1, p. 16—Riggs Affidavit, ¶ 11).  Mr. Riggs testified that his copy of that grievance was

_____

affidavit that meets the requirements of Rule 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence.  A document which lacks a proper foundation to authenticate it cannot be used to support a motion for summary judgment." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1551 (9th Cir. 1990)(citations omitted).  Therefore, for purposes of these recommendations, the Court will assume Mr. Riggs submitted an informal grievance on April 10, 2007.

[2]Defendants again argue there is no record of this informal being submitted to Crossroads citing Officer Green's July 10, 2007 response to Mr. Riggs's July 7, 2007 grievance.  As there is no admissible evidence to support this assertion, the Court will assume for purposes of these recommendations that Mr. Riggs submitted the April 19, 2007 informal grievance to Crossroads.

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS—CV 10-00023--GF-SEH-RKS / PAGE 4

lost when he was transported from Crossroads to MSP.[3]

On July 7, 2007, when he had been at Montana State Prison for two months, Mr. Riggs filed an extensive three-page formal grievance in which he detailed his failure to protect and denial of medical care claims against Crossroads.  In that grievance, Mr. Riggs indicated he had not heard back regarding the two informals and one formal grievance he filed in Shelby.  (Court Doc. 30-1, pp. 2-4).  This grievance was forwarded to Crossroads Grievance Officer Green for resolution. (Court Doc. 18-1:  Ivins Affidavit, ¶ 11).

Although Mr. Riggs contends this grievance was not responded to, the grievance is signed by Grievance officer Green and it refers to an

---

[3]Defendants argue this grievance was not received by Crossroads but again provided no admissible evidence to support that assertion. Given Mr. Riggs's undisputed testimony, the Court will assume for purposes of these recommendations that Mr. Riggs submitted a formal grievance on May 1 or 2, 2007.  However, Mr. Riggs's counsel argues in the supplemental response that, "Riggs arrived at Deer Lodge prison May 7, 2007 and when signing for his possessions noted on a "Notice of Liability" form that the May 1-5, 2007 grievance form was missing." (Court Doc. 30, p. 2).  No evidence or testimony was submitted to support this statement and it will not be considered in the Court's analysis.

attached sheet.  (Court Doc. 30-1, pp. 2-4).  The attached sheet is presumably the July 10, 2007 response from Crossroads Grievance Officer Green indicating she was unable to locate the "2 informals and 1 grievance" referred to in Mr. Riggs's grievance, and therefore the grievance was denied because Mr. Riggs had not complied with the procedure which required him to present an issue on an informal grievance form within five working days of the act or omission.  (Court Doc. 18-3, p. 1).  Mr. Riggs did not appeal the denial of this grievance. (Court Doc. 18-1: Ivins Affidavit, ¶ 12).

On December 26, 2007, Mr. Riggs submitted a Special Mailing Request to mail a letter to Mike Ferriter attached to which were seventeen pages of copies of his various grievances.  In the letter, Mr. Riggs asked for assistance in getting his jaw fixed and a complete investigation of the incidents at Crossroads.  (Court Doc. 22-1, pp. 1-2).

On January 8, 2008, Jerry Johnson responded to the letter by referencing Grievance Officer Green's July 10, 2007 letter.  Mr. Johnson also addressed the merits of Mr. Riggs's denial of medical care claims by stating Mr. Riggs was given a pre-hearing confinement

medical evaluation at Crossroads in April 2007 and it was determined
he was not in need of medical attention.  In addition, the letter
indicates Mr. Riggs was visited by medical staff on April 6, 13, 20 and
27, 2007 while he was in pre-hearing confinement.  Therefore, Mr.
Johnson concluded that "CCC would have addressed [Riggs's] concerns
if they had known or believed [Riggs] had a problem."  Mr. Johnson also
assured that Mr. Riggs's jaw would be fixed.  (Court Doc. 30-1, p. 13).

## III.  ANALYSIS

Defendants move to dismiss arguing that Mr. Riggs failed to
properly exhaust his administrative remedies though the Prison
Litigation Reform Act ("PLRA") requires him to do so.  The PLRA's
exhaustion requirement states:

> [n]o action shall be brought with respect to prison conditions
> under section 1983 of this title, or any other Federal law, by
> a prisoner confined in any jail, prison, or other correctional
> facility until such administrative remedies as are available
> are exhausted.

42 U.S.C. § 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524-25,
122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth v. Churner*, 532 U.S. 731,
741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).  Exhaustion is mandatory.

*Booth,* 532 U.S. at 741.  It applies here.

Mr. Riggs argues it is fundamentally unfair to submit grievances to the very individuals they criticize.  (Court Doc. 22, pp. 2-4) The argument lacks merit.  The United States Supreme Court has repeatedly upheld the exhaustion requirements of the PLRA, *Woodford v. Ngo*, 548 U.S. 81 (2006);  *Porter,* 534 U.S. 516; *Booth v. Churner*, 532 U.S. 731 (2001), even if the exhaustion of administrative remedies is futile.  *Booth*, 532 U.S. at 734.

Crossroads followed the administrative grievance procedure set forth in Montana Department of Corrections Policy No. 3.3.3.  (Court Doc. 18-1: Ivins Affidavit, p. 2, ¶ 3; Court Doc. 18-2:  Policy 3.3.3).

To exhaust the grievance process at Crossroads, an inmate must first submit an informal resolution form within five working days of the event at issue.  (Court Doc. 18-2:  Policy 3.3.3, Section III(E)).  If the inmate is not satisfied with the response to the informal grievance, to exhaust administrative remedies, the inmate must file a formal grievance within five working days of the response to the informal resolution procedure.  (Court Doc. 18-1:   Policy 3.3.3, ¶ III(E)(4) & (F)).

The grievance procedure then provides for appeals at two levels, first to the warden within five working days of the response to the inmate's formal grievance and then to the director of the Department of Corrections.  (Court Doc. 18-1:   Policy 3.3.3, ¶ III(I)(a) and K)).

Defendants argue Mr. Riggs failed to adhere to the procedural rules of the grievance procedure because he failed to timely file an informal grievance, failed to timely file a formal grievance, and failed to file timely appeals.

Although they dispute the April 10, 2007 informal grievance was received by Crossroads, Defendants argue that even if it was received, it was untimely since the assault at issue occurred on April 4, 2007. Policy 3.3.3 provides an inmate with five <u>working</u> days to submit an informal grievance.  As the assault allegedly occurred on Wednesday, April 4, 2007, an April 10, 2007 grievance would be within five working days of the event at issue.

The grievance policy also provides that, "if the inmate doesn't receive a response to his informal resolution within 25 working days, he may proceed by filing a formal grievance without informal response.

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE
JUDGE TO DISMISS–CV 10-00023--GF-SEH-RKS / PAGE 9

He must file the formal grievance within the next five working days."
(Court Doc. 18-2:  Policy 3.3.3, ¶ (E)(4)).  Since Mr. Riggs did not receive
a response to his April 10, 2007 informal grievance he had until May
22, 2007 to file a formal grievance under the policy.  Assuming Mr.
Riggs filed a formal grievance on or about May 1 or 2, 2007, as he
testified in his affidavit, that grievance was timely.

Policy 3.3.3 is silent on the procedure if there is no response to a
formal grievance.  But Mr. Riggs made no attempt to follow up on that
formal grievance and never filed an appeal regarding that grievance as
required by the grievance policy.

Moreover, Mr. Riggs filed a grievance on July 7, 2007 which was
responded to on July 10, 2007 by Officer Green.  That grievance was
denied on the grounds of timeliness.  Mr. Riggs never appealed the
denial of the July 7, 2010 grievance to the Warden.  In fact, he waited
nearly six months before sending a letter to Director Ferriter.  The
grievance procedure clearly requires that the denial of a formal
grievance be first appealed to the Warden.  Mr. Riggs did not appeal
the failure to respond to his May 1 or 2, 2007 formal grievance nor did

he appeal the denial of his July 7, 2007 grievance.

In addition, Mr. Riggs presumably had copies of at least the two informal grievances he submitted at Crossroads on April 7 and April 19, 2007, but he did not provide those copies to the prison officials as required by Policy 3.3.3.  (Court Doc. 18-2, p. 3, ¶ III(F)(5))("inmate will provide copies of all documentation essential to the resolution of a grievance, including the Inmate/Offender Informal Resolution Form with staff response.").

In *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006), the United States Supreme Court held that exhaustion must be "proper," meaning a grievant must correctly use all steps the agency sets forth.  *Woodford*, 548 U.S. at 90.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."  *Woodford*, 548 U.S. at 90-91.

Mr. Riggs never filed an appeal to the Warden at Crossroads and therefore did not properly exhaust his available administrative

remedies.  Having failed to comply with the grievance procedures, Mr.

Riggs's claims must be dismissed without prejudice for failure to

exhaust.[4]

## IV.  DEFENDANT ARNOLD

On July 21, 2010, this Court issued an Order to serve Defendants

including but not limited to Physicians Assistant Arnold.  (Court Doc.

9).  Counsel for Defendants filed a Waiver of Service on August 3, 2010,

but declined to waive service on behalf of Defendant Arnold.  (Court

Doc. 10).  On August 4, 2010, Mr. Riggs was given until September 1,

2010 to provide an address for Defendant Arnold.  (Court Doc. 11).  On

August 31, 2010, the Court granted Mr. Riggs an extension until

October 1, 2010 to locate an address for Defendant Arnold.  (Court Doc.

16).  On October 29, 2010, counsel for Mr. Riggs filed a Motion to delay

ruling on Defendants' Motion to Dismiss.  (Court Doc. 26).  In that

motion, counsel also indicated he needed additional time to "develop

---

[4]Mr. Riggs's argument that the granting of a June 8, 2007
grievance exhausted his administrative remedies is unavailing.  That
grievance was granted to the extent that Mr. Riggs received dental care
while at Montana State Prison.  The granting of that grievance did not
address the claims of inadequate medical care at Shelby.

information regarding a medical practitioner identified as 'Arnold'."

(Court Doc. 26, p. 1).  That motion was granted and Mr. Riggs was

given until December 16, 2010 (later extended to December 22, 2010) to

file supplemental briefing.  (Court Docs.  27-29).

   Mr. Riggs has never provided a service address for Defendant

Arnold and Defendant Arnold has not been served in this matter in

violation of Rule 4 of the Federal Rules of Civil Procedure.  Mr. Riggs

filed this action pro se and as such was granted permission to proceed

in forma pauperis.  That status has never been revoked and therefore,

he is entitled to rely on the U.S. Marshal for service of summons.  But a

forma pauperis plaintiff is still obligated to provide the necessary

information to help effectuate service. *Puett v. Blandford,* 912 F.2d

270, 275 (9th Cir. 1990).  Mr. Riggs has been given nearly six months to

provide the necessary information to serve Defendant Arnold and he

has not done so.  This, and the recommendation to grant the motion to

dismiss as to the Defendants appearing in this case, necessitates that

Defendant Arnold be dismissed without prejudice.[5]

## V.  CONCLUSION

Mr. Riggs did not properly exhaust the available administrative remedies for his claims.  Therefore, Defendants' Motion to Dismiss should be granted.  As Mr. Riggs has not served nor provided the information necessary to effectuate service on Defendant Arnold, this entire matter should be dismissed without prejudice.

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it

---

[5]Mr. Riggs alleged both federal and state law claims against Defendant Arnold.

is not taken in good faith."  The good faith standard is an objective one.
*See* *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  A plaintiff
satisfies the "good faith" requirement if he or she seeks review of any
issue that is "not frivolous."  *Gardner v. Pogue*, 558 F.2d 548, 551 (9th
Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445).  For purposes of section
1915, an appeal is frivolous if it lacks any arguable basis in law or fact.
*Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989); *Franklin v. Murphy*,
745 F.2d 1221, 1225 (9th Cir. 1984).

Mr. Rigg's failure to exhaust his claims and failure to serve is so
clear no reasonable person could suppose an appeal would have merit.
Therefore, the Court should certify that any appeal of this matter
would not be taken in good faith.

Accordingly, the Court issues the following:

## RECOMMENDATIONS

1.  Defendants' Motion to Dismiss (Court Doc. 17) should be
granted.

2.  Defendant Arnold should be dismissed without prejudice for
failure to complete service.

3.  This case should be dismissed without prejudice and the Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain that Mr. Rigg's failed to exhaust his administrative remedies and failed to assist in the service of Defendant Arnold.  Thus, no reasonable person could suppose an appeal would have merit.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE
JUDGE TO DISMISS—CV 10-00023--GF-SEH-RKS / PAGE 16

judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 25th day of January, 2011.


 */s/ Keith Strong*
Keith Strong
United States Magistrate Judge